# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 03, 2020

Ms. Jeannette Clack
Western District of Texas, Waco
United States District Court
800 Franklin Avenue
Waco, TX 76701

    No. 20-50173    USA v. Candida Reyes-Puletapuaimapuol
                           USDC No. 6:19-CR-112-2

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                            Sincerely,

                            LYLE W. CAYCE, Clerk

                            By: _____
                            Melissa V. Mattingly, Deputy Clerk
                            504-310-7719

cc w/encl:
    Mr. Joseph H. Gay Jr.
    Ms. Candida Reyes-Puletapuaimapuolesega

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 11, 2020
Lyle W. Cayce
Clerk

No. 20-50173
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CANDIDA REYES-PULETAPUAIMAPUOLESEGA, *also known as* CANDY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-112-2

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

    Candida Reyes-Puletapuaimapuolesega (Reyes) appeals the 235-month sentence imposed after her guilty plea conviction for possession with intent to distribute a controlled substance, namely at least 50 grams of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Reyes contends that the district court erred in: (1) calculating the drug quantity used to establish her base offense level, (2) applying a two-level enhancement for possession of a dangerous weapon, and (3) denying her a four- or two-level reduction for her minimal or minor role in the drug trafficking enterprise. We address each issue in turn.

The district court's determination of the quantity of drugs attributable to a defendant is a factual finding that is reviewed for clear error. *See United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 1282 (2020). The facts presented in the presentence report (PSR), undisputed by Reyes, support the district court's findings. Therefore, it was not clear error for the district court to conclude that Reyes participated in Andrew Mohan Ballantine's drug activities during the time she resided in his home, that she was aware of the scope of his activities during that time, and that the amount of drugs he sold during the time was reasonably foreseeable to her as part of their jointly undertaken criminal activity. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005); U.S.S.G. § 1B1.3, cmt. n.3(A); *see also United States v. Castillo*, 77 F.3d 1480, 1496 (5th Cir. 1996). Despite Reyes's assertion that she did not agree to the entire scope of Ballantine's drug activities, there need not be a formality to the agreement, which may even be tacit. *United States v. Martinez*, 921 F.3d 452, 467 (5th Cir. 2019). The agreement and Reyes's voluntary participation may be inferred from "concert of action," a collection of circumstances, and "surrounding circumstances." *Id.* at 467-68 (cleaned up).

We review a district court's application of a U.S.S.G. § 2D1.1(b)(1) enhancement for possession of a dangerous weapon for clear error as a factual finding. *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014). Here, Reyes failed to show that it was "clearly improbable" that the weapons collected during the investigation were connected to the methamphetamine

Case: 20-50173     Document: 00515669159     Page: 3     Date Filed: 12/15/2020
Case 2:16-cr-00112-AM   Document 529   Filed 12/03/20   Page 4 of 5

No. 20-50173

distribution. *United States v. Rodriguez*, 62 F.3d 723, 724-25 (5th Cir. 1995); U.S.S.G. § 2D1.1, cmt. n.11(A). Accordingly, the district court did not commit clear error in applying the § 2D1.1(b)(1) enhancement. *See King*, 773 F.3d at 52; *Rodriguez*, 62 F.3d at 725.

Whether a defendant is a minor or minimal participant is a factual determination reviewed for clear error. *See United States v. Alaniz*, 726 F.3d 586, 626 (5th Cir. 2013); *United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). In this case, the district court was correct in its finding that a minimal role reduction is not appropriate. The evidence does not establish that Reyes was among the least culpable of participants in a drug enterprise, particularly given that she admitted to knowing that Ballantine sold methamphetamine, to selling methamphetamine to his customers, to providing new customers to Ballantine, and to selling methamphetamine to her own customers on occasion. U.S.S.G. § 3B1.2, cmt. n.4. Nor is Reyes entitled to a minor role reduction. Although she may have participated less than Ballantine, who organized the drug trafficking enterprise, Reyes has not demonstrated that she was "substantially less culpable" than an average participant would have been or that her participation was "peripheral" to the success of the criminal venture. *Villanueva*, 408 F.3d at 204.

Accordingly, the judgment of the district court is AFFIRMED.



# United States Court of Appeals for the Fifth Circuit

**Certified as a true copy and issued as the mandate on Dec 03, 2020**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

No. 20-50173
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 11, 2020
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

        *Plaintiff—Appellee*,

versus

CANDIDA REYES-PULETAPUAIMAPUOLESEGA, *also known as* CANDY,

        *Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-112-2
_____

Before KING, SMITH, and WILSON, *Circuit Judges*.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.