IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **CANDIDA REYES-PULETAPUAIMAPUOLESEGA** | § § § § | |
| *Petitioner,* | § § | **6:19-CR-112 (2)-ADA** **6:21-CV-1277-ADA** |
| -v- | § § § | |
| **UNITED STATES OF AMERICA,** *Respondent.* | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Candida Reyes-Puletapuaimapuolesega's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 159. The Government filed a Response. ECF No. 171. Petitioner did not file a Reply. After reviewing Petitioner's Motion, the Government's Response, and the applicable law, the Court **DENIES** the Motion for the reasons stated below.

## I. PROCEDURAL BACKGROUND

On April 9, 2019, a grand jury indicted Petitioner for the offense of conspiracy to possess with intent to distribute at least 50 grams of a mixture and substance containing methamphetamine. ECF No. 171 at 1. On October 15, 2019, Petitioner entered a guilty plea to the Indictment. *Id.* On March 4, 2020, Petitioner was sentenced to 235 months imprisonment, five years of supervised release, a fine of $100, and a special assessment of $100. *Id.*

On March 5, 2020, Petitioner filed her Notice of Appeal with the Fifth Circuit Court of Appeals. *Id.* On December 3, 2020, the Fifth Circuit affirmed the District Court's judgment. Petitioner then filed this motion to vacate under 28 U.S.C. § 2255 on December 6, 2021. ECF No. 159 at 1. In Petitioner's § 2255 motion ("Motion"), she asserts one ground for relief, ineffective

1

assistance of Counsel against Doyle Young ("Counsel"). Petitioner's argument consists of two parts. First, Petitioner argues Counsel coerced and misled her to plead guilty. *Id*. at 5. Second, Petitioner argues Counsel used the same objections during the direct appeal as was used during the Presentence Report. *Id*. at 6.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct their sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice resulting from the error.'" *Sedberry v. United States*, No. 6:16-CR-317-ADA, 2022 U.S. Dist. LEXIS 68917, at *2 (W.D. Tex. Apr. 14, 2022) (citing *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Williams*, No. H-14-275-1, 2022 U.S. Dist. LEXIS 81997, at *3 (S.D. Tex. May 5, 2022) (citing *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994)). As the Supreme Court has explained, the reason for these rules is that "a collateral challenge may not do service for an appeal." *Tighe v. United States*, No. WA:19-CR-0338-ADA, 2022 U.S. Dist. LEXIS 66309, at *4 (W.D. Tex. Mar. 31, 2022) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). A § 2255 motion requires the movant to bear

the burden of establishing the claim by a preponderance of the evidence. *Lozano-Griego v. United States*, No. EP-22-CV-33-KC, 2022 U.S. Dist. LEXIS 68910, at *7 (W.D. Tex. Apr. 14, 2022) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).

### III. DISCUSSION

In her § 2255 motion, Petitioner asserts one ground for relief, ineffective assistance of Counsel. Petitioner's argument consists of two parts. First, Counsel coerced her to plead guilty and misled her to plead guilty. ECF No. 159 at 5. Second, the same objections Counsel used during direct appeal were used by Counsel during the Presentence Report. *Id*. at 6. Respondent answers Petitioner's Motion by arguing it should be denied for Petitioner failing to show that Counsel's actions fell below an objective standard of reasonableness or that Counsel's actions prejudiced her in any way, and thus, the claim of ineffective assistance should be denied. ECF No. 171 at 2.

**A. Petitioner has not established she received ineffective assistance of Counsel.**

In her § 2255 motion, Petitioner only asserts ineffective assistance of Counsel. When evaluating the constitutional adequacy of an attorney's performance, courts use the two-pronged *Strickland* test. To prevail, a petitioner must show (1) their counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong concerns the quality of the performance itself; an attorney must fail to provide "reasonably effective assistance." *Id.* That standard is an objective one, with great deference given to counsel. *Id.* The second prong concerns the result of the inadequate counsel; the defendant must also have suffered actual prejudice because of their counsel's grievous errors. *Id*. at 691. If both prongs are satisfied, the defendant's rights have been violated, and relief under § 2255 is appropriate. When a petitioner fails to prove either prong, the reviewing court does not need to analyze the other. *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need

not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). Reyes-Puletapuaimapuolesega did not carry this substantial burden, even upon reading her pro se motion as generously as possible. Petitioner has thus failed to show that she is entitled to relief.

**(1) Petitioner has not satisfied the deficient performance prong of the *Strickland* test.**

Petitioner has not proven deficient performance of Counsel. *Strickland* determined the first prong can only be established if the performance by Counsel was unreasonable and "not within the range of competence demanded of attorneys in criminal cases." *Strickland*, 466 U.S. 687. Courts must also afford "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Petitioner must overcome that presumption by proving "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *United States v. Scott*, 3 F.4th 189 (5th Cir. 2021) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)).

While Petitioner argues that Counsel misled her to plead guilty and coerced her to plead guilty, the evidence presented points to the extreme opposite. Counsel effectively, professionally, and patiently tried to assist Petitioner throughout the case even when Petitioner actively made Counsel's job more difficult. Petitioner admitted to Counsel and the case agent that she sold methamphetamine for her codefendant. ECF No. 171 at 3. Petitioner's own admissions proved the Government's case before the it even had to make a case against her. *Id*. Petitioner never denied the facts she confessed to that proved the Government's case. *Id*. At no time did Petitioner tell Counsel that she wanted a trial or thought she could win at trial. *Id*.

Counsel fought for the Court to release the Petitioner on bond. ECF. No. 171 at 10. The Government then moved to revoke her bond after Petitioner failed to comply with the stipulations of release. *Id*. Counsel still pleaded that Petitioner should be released to a halfway house pending resolution of the case. *Id*. When Petitioner failed to show up to the halfway house, the Government told Counsel it would oppose the expected three-level reduction that Counsel had fought hard to obtain for Petitioner. *Id*. Counsel still worked for his client and convinced the Government not to oppose the three-level reduction, and in the end, the sentencing judge accepted the three-level reduction for the Presentence Report. *Id*. at 3.

**(2) Petitioner has not satisfied the prejudice prong of the *Strickland* test.**

Even if she could prove deficient performance, Petitioner cannot show prejudice. *Strickland* defines prejudice as the defendant's ability and need to "show that there is a reasonable probability that, but for Counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 703. *Strickland* defines reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id*. Petitioner has not shown any actual harm done. Petitioner had already pled guilty. ECF. No. 159 at 1. Because Petitioner was already pleading guilty, she was subject to whatever sentence the judge chose to impose. Counsel, furthermore, explained to Petitioner the different sentencing ranges Petitioner could be sentenced under before ever pleading guilty. ECF. No. 171 at 5. Petitioner also agrees with Counsel's statements which both verifies Counsel's testimony and that Counsel's calculation for her sentence was only a guess and was ultimately up to the sentencing judge. ECF. No. 159 at 15. Petitioner's own actions and failings to follow the court's orders to show up to and go to the halfway house caused her to receive the 235 months, not Counsel.

**(3) Raising the same objections during the direct appeal as during the Presentence Report is not ineffective assistance of counsel.**

Petitioner presents no evidence that Counsel ineffectively assisted her by raising the same objections during the direct appeal as during the Presentence Report. The fact that Counsel raised the same objections shows that Counsel believed his objections were properly heard the first time. ECF. No. 171 at 3. Counsel has shown that he diligently researched, investigated, and prepared for Petitioner's case. *Id*. Counsel provided evidence that he considered Petitioner's input at every stage and that he explained the varying sentences that the Petitioner could receive. *Id*.

Had Petitioner followed Counsel's advice and the conditions of release, which included showing up when and where required, perhaps Petitioner would not have received the 235-month sentence that she did. Counsel could only provide advice to Petitioner and could not force her to do something that was in her best interest. Counsel did everything he could do to protect the Petitioner from herself. Refusing to follow Counsel's advice was a factor for Petitioner receiving her lengthy sentence.

## IV. CONCLUSION

Reyes-Puletapuaimapuolesega's § 2255 Motion is meritless and is therefore **DENIED**.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In this case, reasonable jurists could not debate the dismissal or denial of Petitioner's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Id*. Thus, a certificate of appealability shall not be issued.

Accordingly,

**IT IS ORDERED** that Petitioner Candida Reyes-Puletapuaimapuolesega's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 159) is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions related to Reyes-Puletapuaimapuolesega's § 2255 Motion, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that a certificate of appealability is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 25th day of May, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE